▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STANLEY HULSE, JR., Appellant.— Order of the County Court, Orange County, dated September 7, 1972, affirmed. While the denial of effective assistance of counsel may be raised in postconviction proceedings, even though defendant entered a plea of guilty (*People* v. *Holley,* 28 A D 2d 544), no facts were alleged herein which warranted a hearing on this ground. Hopkins, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.

▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NORMAN JOHNSTON, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 26, 1971, convicting him, after a jury trial, of possession of weapons and dangerous instruments and appliances as a felony, and granting an unconditional discharge. Judgment reversed, on the law and the facts, and the indictment dismissed. In our opinion, the People failed to establish the guilt of defendant beyond a reasonable doubt. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.

▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. IGNAZIO LETTIERI, Appellant.— Appeal by defendant from an order of the County Court, Suffolk County, dated January 19, 1973 which denied, without a hearing, his motion to vacate a judgment of conviction of the same court rendered October 5, 1972 on the ground that it was procured through duress, misrepresentation or fraud on the part of the court or prosecutor. Order reversed, on the law and the facts, and the matter remitted to the County Court for a hearing before a Judge other than the one who accepted defendant's plea and imposed sentence. Defendant pleaded guilty to manslaughter in the first degree in satisfaction of an indictment charging conspiracy in the first degree and murder. It is not disputed that the plea resulted from an agreement between defendant, his attorney and the District Attorney's office. At sentence, the court imposed an indeterminate 20-year term, although the prosecutor recommended a maximum term of four years. This motion was made within two weeks after sentence. Defendant's attorney, in an affidavit submitted in support of the motion, claimed that he told the prosecutor he would not advise acceptance of the plea unless the court agreed to a maximum four-year sentence; that the Assistant District Attorney telephoned the Judge and related the agreement, including the four-year sentence; and that the Assistant District Attorney then told him and his client that the court had agreed to accept the plea and would go along with their agreement. The prosecutor, while admitting that he agreed to recommend a maximum four-year sentence, and admitting that he called the Judge, denied that the latter made any statement as to the sentence he would impose. In our opinion, this issue should not have been resolved without a hearing to determine whether the prosecutor made such a representation and whether any promise had been made by the court. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Benjamin, JJ., concur.